UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PRIME INCOME ASSET | § |  |
| MANAGEMENT, INC. | § |  |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CIVIL ACTION NO. 3:07-CV-01731-B |
|  | § |  |
| ONE DALLAS CENTRE ASSOCIATES | § |  |
| L.P., | § |  |
|  | § |  |
| Defendant. | § |  |

## MEMORANDUM ORDER

Before the Court is Defendant One Dallas Centre Associates L.P.'s Supplement to its Motion for Summary Judgment (doc. 78). The Court had ordered the parties to submit supplemental summary judgment briefing on issues relating to the Plaintiff's ability to recover any damages in this case after the Court's rulings on the Defendant's Summary Judgment Motion. For the reasons discussed below, Defendant's Supplement to its Motion for Summary Judgment is **GRANTED** and Defendant's breach of contract claims are **DISMISSED**.

### I. Factual and Procedural Background[1]

This case revolves around the attempted sale of a commercial building by Defendant One Dallas Centre Associates L.P. ("ODCA") to Plaintiff Prime Income Asset Management, Inc. ("Prime"). The facts and background are laid out in detail in the Court's February 18, 2009

---

[1] Unless otherwise stated, the relevant facts presented below are taken from the contract between the parties and Prime's statement of undisputed fact contained in the briefing on the Motion for Summary Judgment. The Court assumes these facts are true for purposes of its legal analysis.

Memorandum Order and will not be restated here in great detail.

The facts important to this inquiry relate to the issue of the parties' agreement that Prime's Initial Deposit be "non-refundable." Prime and ODCA entered into a Second Amendment to Purchase and Sale Agreement (the "Second Amendment") extending the closing to April 30, 2007. The Second Amendment expressly provides :

> In consideration for the Agreement by [ODCA] to extend the Date of Closing, (I) [Prime] hereby expressly and irrevocably directs the Title Company to release and pay the [$750,000] Initial Deposit to [ODCA] utilizing the wiring instructions attached to this letter . . . and (ii) [Prime] hereby agrees to pay to [ODCA] the additional sum of $1,000,000 (the "Additional Extension Fee") on or before March 22, 2007, by wire transfer utilizing the Wiring Instructions.

Furthermore, Prime agreed that each of the Initial Deposit and the Additional Extension Fee were non-refundable, but would be applicable to the purchase price at closing. Prime acknowledged that its failure to pay the Additional Extension Fee would be a default under the terms of the Agreement, entitling ODCA to the remedies set forth in Section 6.1 of the Agreement. The parties entered into subsequent amendments which did not mention the Initial Deposit again. On April 18, 2007, ODCA terminated the Agreement and retained the Initial Deposit which had previously been released to it.

Prime filed this lawsuit on August 17, 2007 in the 116th Judicial District Court in Dallas County, Texas, asserting, claims for breach of contract, among others. ODCA filed a notice of removal to this Court on October 12, 2007. The Court granted summary judgment in ODCA's favor on most of Prime's claims, leaving only the breach of contract claims for trial. In that Order, the Court ruled that the Initial Deposit paid by Prime had been released and made non-refundable. At the pre-trial conference, the Court ordered supplemental summary judgment briefing on the damages

potentially recoverable by Prime if it should prevail on its breach of contract claims, given the Court's rulings, and vacated the trial date pending further briefing. Now before the Court is ODCA's Supplement to its Motion for Summary Judgment (doc. 78) and Plaintiff's Response.

## II. Summary Judgment Standards

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting Fed R. Civ. P. 56(e)). To determine whether a genuine

issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

### III. Breach of Contract

In response to the Court's Order, ODCA filed a Supplement to its Summary Judgment Motion on Prime's breach of contract claims. Upon review of the Supplement to the Motion for Summary Judgment Motion, Defendants' responsive briefing, and this Court's previous analysis and rulings, the Court finds that ODCA is entitled to summary judgment on breach of contract. Prime has failed to make a prima facie case for breach of contract.

**A. Applicable Law**

To establish a breach of contract claim under Texas law, a plaintiff must prove: (1) the existence of a valid contract; (2) the plaintiff's performance or tendered performance; (3) the defendant's breach of the agreement; and (4) damages to the plaintiff resulting from that breach. *See Harris v. Amer. Protection Ins. Co.*, 158 S.W.3d 614, 622-23 (Tex. App.–Fort Worth 2005, no pet.); *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

**B. Analysis**

As evidenced by the pleadings and Prime's statements on record before this Court, the only damages Prime seeks in this case is return of its Initial Deposit. In its previous analysis on Prime's "Money Had and Received" claim, the Court had noted that the Second Amendment to the parties' agreement contained language stating that Prime "expressly and irrevocably" directs the Title Company to release the Initial Deposit to ODCA. Furthermore, the release of the Initial Deposit was expressly made as consideration for the extension of the closing date in the Second Amendment.

In its previous Order, the Court found that the language itself demonstrates an objective intent that the release of the funds be *irrevocable* and the terms of the Agreement with regard to the refundability of the Initial Deposit are unambiguous. Further, the Court found the objective intent of the parties, and only reasonable interpretation of the Agreement and its Amendments, is that the Initial Deposit was irrevocably non-refundable and was released to ODCA as consideration for the extension granted in the Second Amendment. Accordingly, by the clear and express terms of the Agreement between the parties, the Initial Deposit now belongs to ODCA, not Prime.

Prime argues that despite these findings, the Initial Deposit is available as recovery for ODCA's alleged breach of contract. Prime argues the following:

> 1) if ODCA breached the agreement (as Prime alleges it has), ODCA can't enforce the agreement (regarding the non-refundability of the funds);
>
> 2) ODCA's construction of the agreement makes it unenforceable, unconscionable or illusory;
>
> 3) the Agreement, including section 6.2 allowing return of Earnest Money in case of ODCA's breach, "was not modified or superceded by the Second Agreement."
>
> 4) Prime never released its interest in the Earnest Money.

The Court is not swayed by ODCA's arguments. In fact, it previously rejected some of these same arguments in its prior Order. The first argument subtly misapplies basic contract law principles in a way that would render meaningless the parties' agreements regarding remedies in the case of a default. As to the remaining arguments, the Court has already ruled that, as a matter of law, the Initial Deposit is non-refundable and the clear intent of the Agreement is that the Initial Deposit be "irrevocably released." The plain language belies Prime's arguments to the contrary. Furthermore,

there is nothing about the contract terms or circumstances surrounding formation of the contract to persuade the Court that the Agreement is unenforceable, unconscionable or illusory. Additionally, the Court is not persuaded that the Second Amendment did not modify section 6.2 of the Agreement because there are no other provisions in the Agreement, other than 6.1 an 6.2, that discuss the refund of Earnest Money, which by definition includes the Initial Deposit. The language of the Second Amendment clearly directed the release of the Initial Deposit, making those funds no longer available as a remedy under section 6.2 in case of ODCA's breach.

As such, Prime is unable to make a prima facie case for breach of contract because it is unable to prove that it suffered damages as a result of any alleged breach. *See Harris*, 158 S.W.3d at 622-23; *Dorsett*, 106 S.W.3d at 217. The amount it would be contractually entitled to receive as a result of ODCA's breach is zero because the Initial Deposit had been released to ODCA and Prime had made no other Earnest Money payment. The only money Prime seeks to recover in this case has already been irrevocably released to ODCA and Prime is not entitled to its return, even if ODCA breached the contract. Therefore, Prime can prove no actual damages. Accordingly, the Court **GRANTS** summary judgment in favor of ODCA on Prime's breach of contract claims.

### IV. Conclusion

ODCA's Supplement to its Motion for Summary Judgment (doc. 78) is **GRANTED**. Prime is unable to make a prima facie case for breach of contract. Therefore, the Court **DISMISSES** Prime's breach of contract claims.

    SO ORDERED.
    Dated: March 13, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE